COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JARROD R. ARCHER
                                            OPINION BY
v.   Record No. 1726-96-1           JUDGE JOSEPH E. BAKER
                                          NOVEMBER 10, 1997
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      John K. Moore, Judge

            Theresa B. Berry (Samford & Berry, P.C., on
            brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Jarrod R. Archer (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Virginia Beach

(trial court) for grand larceny and possession of a firearm by a

convicted felon.  Appellant contends that the trial court erred

when it (1) failed to grant his motion to suppress evidence of a

stolen gun found with his knife and (2) held that the evidence

was sufficient, as a matter of law, to prove he possessed that

gun.  Finding no error, we affirm the convictions.

     On July 22, 1995, Officers Colley, Phillips, and Robertson

of the Virginia Beach Police Department responded to the

dispatcher's report of an anonymous phone call advising that "a

wanted person," appellant, was in room 114 at the Lakeside Motel

on Virginia Beach Boulevard.  The dispatcher advised that

appellant was wanted by police for a probation violation and

petit larceny. The caller had described appellant as a white male, approximately eighteen years old, about six feet tall, with red hair worn in a ponytail, and driving a light green GEO Storm. The caller further reported that appellant "would be armed with a knife and a gun and would fight police."

The officers arrived at the motel and saw a light green GEO Storm in front of room 114. Colley inspected the motel register and discovered that room 114 was registered to Kerry Maloney, who had been staying there with another person since July 19, a period of three days. Colley ran a check on the GEO Storm and discovered that it was also registered to Maloney.

Colley, Phillips, and Robertson approached the door to room 114 and Phillips knocked. Phillips stood to the right of the door and Colley and Robertson stood to the left. Receiving no response, Phillips knocked on the door again, "pretty hard this time." The door "apparently [was not] secure," and it slowly "eased open" to reveal a room about twelve feet by twelve feet in size.

Through the open door, Colley and Phillips saw a woman standing by one of two beds. The officers asked her if appellant was in the room. The woman, later determined to be Maloney, merely looked across the room to the area left of the door. Phillips then saw appellant, who matched the informant's description, standing to the left of the door. Phillips drew his gun, pointed it at appellant, and ordered appellant to step away

- 2 -

from the window and show his hands.  Appellant complied. Believing appellant to be armed, the officers entered the room, placed appellant on the bed and handcuffed his hands behind his back.  When the officers asked, appellant said he was Richard Berryman.  Subsequently, when he was taken outside, appellant admitted that he was Jarrod Archer, and he was arrested.

Colley remained inside with Maloney.  Colley asked Maloney if any guns or knives were in the room.  As she was replying that weapons were under a mattress, appellant was giving Phillips the same information.  A gun and knife were found at the place each had advised that they would be found.  Appellant admitted that the knife was his but disclaimed ownership of the gun.  The uncontradicted evidence at trial proved the gun was stolen property that had been discovered missing by its owner only twenty-four hours earlier.

Prior to trial, appellant moved to suppress the gun on the ground that the warrantless entry and search of the motel room violated his constitutional rights.  His motion was denied.

At trial, the Commonwealth introduced appellant's criminal record, which proved appellant previously had been convicted of a felony.  When the Commonwealth rested and the trial court overruled appellant's motion to strike, appellant rested without testifying or offering any evidence in his behalf.

MOTION TO SUPPRESS:  WARRANTLESS ENTRY AND SEARCH

In reviewing the trial court's denial of a motion to

- 3 -

suppress, "[t]he burden is upon [appellant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980). Questions of reasonable suspicion and probable cause to make a warrantless search are subject to de novo review on appeal. See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261.

"'The [F]ourth [A]mendment rights of a guest in a motel room are equivalent to those of the rightful occupants of a house.'" Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995) (quoting Servis v. Commonwealth, 6 Va. App. 507, 514, 371 S.E.2d 156, 159 (1988)). Ordinarily, therefore, the warrantless entry into a person's motel room is presumed unreasonable and violative of the Fourth Amendment. See id. Under Code § 19.2-81, however, a police officer "may arrest, without a warrant, for an alleged misdemeanor not committed in his presence when the officer receives a radio message from his department or other law enforcement agency within the Commonwealth that a warrant for such offense is on file."

Moreover,

> anonymous information that has been
> sufficiently corroborated may furnish
> reasonable suspicion justifying an
> investigative [encounter].  Every detail
> mentioned by an anonymous informer need not
> be verified to establish reasonable
> suspicion, [as long as] . . . [s]ignificant
> aspects of the informer's information [are]
> independently corroborated [in order] . . .
> to give "some degree of reliability to the
> other allegation" of the informant.

Bulatko v. Commonwealth, 16 Va. App. 135, 137, 428 S.E.2d 306,
307 (1993) (quoting Alabama v. White, 496 U.S. 325, 332 (1990))
(citations omitted).

Once the officer confirms that the suspect detained pursuant
to the investigative encounter is the person named in the arrest
warrant, Code § 19.2-81 permits completion of the arrest without
the warrant itself.  That lawful arrest

> justifies a contemporaneous warrantless
> search of the individual arrested and of the
> immediately surrounding area.  "Such searches
> have long been considered valid because of
> the need 'to remove any weapons that [the
> arrestee] might seek to use in order to
> resist arrest or effect his escape' and the
> need to prevent the concealment or
> destruction of evidence."

White v. Commonwealth, 24 Va. App. 446, 450, 482 S.E.2d 876,
877-78 (1997) (quoting New York v. Belton, 453 U.S. 454, 457
(1981) (quoting Chimel v. California, 395 U.S. 752, 763 (1969)));
see also Maryland v. Buie, 494 U.S. 325, 334 (1990).  These
principles apply even to searches conducted after the arrestee
has been restrained, as long as the search is contemporaneous

with the arrest.  See White, 24 Va. App. at 450-51, 482 S.E.2d at 878; see also United States v. Silva, 745 F.2d 840, 847 (4th Cir. 1984), cited with approval in Albert v. Commonwealth, 2 Va. App. 734, 739, 347 S.E.2d 534, 537 (1986) (upholding validity of search in motel room of locked zipped bag in possession of accused who had already been handcuffed and was being held at gunpoint).

The record here discloses that the police (1) were armed with information that a wanted person, appellant, described as an eighteen-year-old white male, approximately six feet tall, with red hair fashioned in a ponytail, was driving a green GEO Storm and could be found in a designated motel room, and (2) corroborated a substantial portion of the information, including the existence of outstanding misdemeanor arrest warrants for appellant.  Upon arrival at the motel, the police sighted the GEO Storm in front of the designated room, and they knocked on the door to conduct further inquiry.  After the door had opened and before the officers entered the motel room, they saw a white male who "perfectly" matched the description.  See Bulatko, 16 Va. App. at 137, 428 S.E.2d at 307 (upholding reasonable suspicion to stop auto where every fact related by informant, including make, color, and license plate number of vehicle, and fact of accused's habitual offender status, were independently corroborated by officer and only fact remaining to be corroborated was identity of driver as accused).

The police then had reason to believe that appellant was the wanted person named in the misdemeanor warrants, and they properly entered the room and took appellant into custody. See Payton v. New York, 445 U.S. 573, 603 (1980) (in case involving warrantless felony arrest, holding that, "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which a suspect lives when there is reason to believe the suspect is within"); United States v. Spencer, 684 F.2d 220, 222-24 (2d Cir. 1982) (in case involving bench warrant issued for failure to appear on misdemeanor warrants, holding that Payton is not limited to felony warrants and applies to any arrest warrant issued by a neutral magistrate), cert. denied, 459 U.S. 1109 (1983). Upon confirming that appellant was, in fact, the wanted person, they arrested him on the outstanding misdemeanor warrants as permitted by Code § 19.2-81. After simultaneously being told by Maloney, in the room, and appellant, three feet outside the room, that a gun and knife were under a bed mattress, the police located a stolen gun and knife that support both verdicts. Forewarned that the wanted person would have a gun and knife and would "fight" the police, after verifying the other facts that had been reported to them by the dispatcher, the police properly made inquiry and conducted a follow-up search for the weapons contemporaneous with appellant's arrest.

The trial court properly held that the limited search of the

- 7 -

motel room and seizure of the weapons found under the mattress did not constitute an unreasonable search and seizure.  See White, 24 Va. App. at 450–51, 482 S.E.2d at 878.

<u>SUFFICIENCY OF THE EVIDENCE</u>

On appeal, the judgment of the trial court is presumed to be correct.  See Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991).  On appeal,

> we review the evidence in the light most
> favorable to the Commonwealth, granting to it
> all reasonable inferences fairly deducible
> therefrom.  The judgment of a trial court
> sitting without a jury is entitled to the
> same weight as a jury verdict and will not be
> set aside unless it appears from the evidence
> that the judgment is plainly wrong or without
> evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In challenging the sufficiency of the evidence to support his convictions for possession of a firearm by a convicted felon and grand larceny, appellant contests only the Commonwealth's proof of possession.

Proof that appellant possessed the gun found under the mattress, either actually or constructively, was sufficient to support his conviction for possession of a firearm by a convicted felon.  See Blake v. Commonwealth, 15 Va. App. 706, 708–09, 427 S.E.2d 219, 220–21 (1993) (holding that principles applicable to constructive possession of drugs also apply to constructive possession of firearm).

To support a conviction based upon

constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  Possession "need not always be exclusive.  The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband.  See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).  Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession.  See Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Code § 18.2-250).  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence of such possession is sufficient to support a conviction, provided it excludes every reasonable hypothesis of innocence.  See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he

- 9 -

Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and, therefore, is binding on appeal unless plainly wrong. See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

The only reasonable hypothesis flowing from the evidence in this case is that appellant was aware of the presence of the gun beneath the mattress and that it was subject to his dominion and control. When questioned by police regarding whether there were any weapons in the room, defendant said there might "possibly [be] a gun or knife under one of the beds." The police immediately found the gun under one of the mattresses, lying directly beside a knife that appellant admitted was his. Although appellant denied ownership of the gun, its presence with his knife and his earlier statement indicating his awareness of its presence permitted the inference "that appellant exercised the dominion and control necessary to show constructive possession." See Blake, 15 Va. App. at 709, 427 S.E.2d at 221. The trial court, as the finder of fact, was free to reject appellant's statement to Officer Phillips that someone else had placed the gun under the mattress, or, alternatively, to find that appellant exercised joint possession of the gun with his

girlfriend or another.

We hold that this same evidence is sufficient to prove the possession necessary to support appellant's conviction for grand larceny. The unexplained possession of recently stolen goods permits the fact finder to infer that the possessor is the thief. See Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). In order for the presumption to arise, the possession must be exclusive, but "[o]ne can be in exclusive possession of an item when he jointly possesses it with another," as long as "the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over [it]." Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

As set forth above, appellant told Officer Phillips that there might be a gun and knife under the mattress. After the police found the gun and knife secreted together under the mattress, appellant admitted that the knife belonged to him, thereby permitting the inference that he exercised dominion and control over the gun, as well. Appellant told Officer Phillips that several of his friends had been in the motel room that day and that he thought the gun belonged to one of them. However, appellant and his girlfriend, and no one else, were present in the motel room along with the gun. This evidence, viewed as a whole, permitted the trial judge to conclude that appellant, "[a]t the very least[,] . . . was in joint constructive

- 11 -

possession of the gun," thereby invoking the presumption that appellant was the thief.

For these reasons, we hold that the search of appellant's motel room was not unreasonable and that the evidence of his constructive possession of a firearm was sufficient to support his convictions for grand larceny of the firearm and possession of a firearm by a convicted felon.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.