COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


CLAUDE M. BOONE
                                    MEMORANDUM OPINION* BY
v.        Record No. 1851-97-1      JUDGE RICHARD S. BRAY
                                         AUGUST 4, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                    E. Everett Bagnell, Judge

           H. Taylor Williams, IV, for appellant.

           Donald E. Jeffrey, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.



     Claude M. Boone (defendant) was convicted in a bench trial

on two counts of possessing cocaine with intent to distribute,

violations of Code § 18.2-248(A).  On appeal, he argues that the

evidence was insufficient to support the convictions.  We

disagree and affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary for

disposition of the appeal.  In accordance with well-established

principles,

           "we review the evidence in the light most
           favorable to the Commonwealth, granting to it
           all reasonable inferences fairly deducible
           therefrom.  The [fact finder's] verdict will
           not be disturbed on appeal unless it is
           plainly wrong or without evidence to support
           it."  When the sufficiency of the evidence is
           challenged on appeal, "it is our duty to look

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong."

Webber v. Commonwealth, 26 Va. App. 549, 564, 496 S.E.2d 83, 90 (1998) (citations omitted).

At 12:35 a.m. on January 16, 1996, defendant registered as a guest at a motel in the City of Franklin and was assigned to room 207, accommodations last occupied by a guest on January 7, 1996. At approximately 12:42 a.m., Franklin Police Officers Timothy Whitt and William Clark arrived at the motel in search of Theodore Watson (Watson), then visiting with defendant and Ralph Perry (Perry) in room 207. Defendant answered the officers' knock at the door, they identified themselves as police seeking Watson, and defendant admitted them to the room.

When Clark inquired if any drugs or guns were present, defendant responded, "[t]here's nothing in the room," invited the officers to "check" for themselves and lifted the box springs and mattress of a bed "for [Clark] to look underneath . . . ." Clark opened the drawer of a nightstand and discovered a "stem cleaner," a tool commonly used to clean a "crack pipe." Each man then agreed to a search of his person, and a "stem" "crack smoking device" was found in Perry's trousers, resulting in his arrest. Clark then raised only the mattress of the bed, discovered a "large Bowie knife," hemostats, several "smoking device[s]," and a "large plastic bag" containing 81.6 grams of cocaine and arrested Watson and defendant. Later that morning,

Clark collected another plastic bag containing 3.46 grams of cocaine from "inside the [bed] covers."

Police subsequently obtained a search warrant for a Chevrolet Camaro parked at the motel and registered to Douglas Eure (Eure), a friend of defendant. During the attendant search, police discovered a "plastic bag" containing 88.0 grams of "crack cocaine and . . . portable digital scales" in a "locked compartment" at the rear of the vehicle. During questioning by police, defendant "gave several different stories, but . . . finally admitted to driving the [Camaro] but only to Dairy Queen and the Sentry Mart." He stated that his fingerprints would be on the "drug bag" found in the vehicle only if "someone [had] handed it to [him] and [he] just held it for a second." When defendant refused to permit a search of personal property seized incident to his arrest, police obtained a warrant and discovered car keys identified by Eure as the only keys to Eure's Camaro.

At trial Corporal David Welch, also of the Franklin Police Department, qualified as an expert in the sale and distribution of drugs and opined that the quantities of cocaine seized both in the hotel room and vehicle were "not consistent with personal use." He also testified that digital scales found in close proximity to cocaine suggested that the drug was not possessed for personal consumption. The "street value" of the cocaine seized in the motel and Camaro totaled $7,365.

Defendant testified and admitted ownership of the Bowie

knife discovered under the mattress but denied knowledge of the drugs found both in the room and automobile. He admitted, however, that the scales "look[ed] like" an object he had "seen . . . on the seat of the car" and had placed in the vehicle's "console."

> To support a conviction based upon constructive possession of drugs, "the Commonwealth must point to evidence of acts, statements or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs. Ownership or occupancy of the [premises] in which the drugs are found is likewise a circumstance probative of possession. In resolving this issue, the court must consider "the totality of the circumstances disclosed by the evidence."

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted). "Possession 'need not always be exclusive. The defendant may share it with one or more.'" Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (citation omitted).

Here, defendant had been registered and was in occupancy of room 207 only briefly when the police arrived and discovered the illicit drugs and related paraphernalia already secreted in the bed. Defendant raised the box springs and mattress together in an effort to divert police attention from the drugs hidden beneath the mattress. See Lane v. Commonwealth, 223 Va. 713,

- 4 -

716, 292 S.E.2d 358, 360 (1982) (attempts to divert search from concealed drugs are "the kinds of acts, statements, and conduct which tend to prove . . . knowledge of the presence and character of the contraband").  Defendant's knife was found with the other items, including the cocaine, providing an inference of knowledge, dominion and control of the offending drug.  See Archer, 26 Va. App. at 14, 492 S.E.2d at 832 (accused's knife and gun concealed under mattress a circumstance probative of constructive possession).

Defendant's possession of the cocaine discovered in the Camaro is supported by his custody, control and use of the vehicle, while holding the only keys, together with his statements that he may have handled the digital scales later found with the drugs in a locked area of the vehicle.  His untruthful statements to police and refusal to grant access to the keys were further indications of guilty knowledge.

Accordingly, the finding by the trial court that defendant constructively possessed the cocaine found both in the room and vehicle, with the requisite intent, is supported by the evidence, and we affirm the convictions.

Affirmed.