COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


JOHNNY LAMAR GATES

MEMORANDUM OPINION[*] BY
v.    Record No. 0502-98-4        JUDGE MARVIN F. COLE
JULY 13, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge

T. Kevin Wilson (Weimer & Boyce, on brief),
for appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Johnny Lamar Gates, appellant, appeals his conviction for the

possession of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.  On appeal, he argues that the evidence was

insufficient to prove that the item he possessed was capable of

expelling a projectile or that a projectile would be expelled by

the power of an explosion.  Because the Commonwealth failed to

prove that appellant possessed a device having the "ability to

expel a projectile by the power of an explosion," we reverse the

conviction and dismiss the charge.  Jones v. Commonwealth, 16 Va.

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

App. 354, 357-58, 429 S.E.2d 615, 617, aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).

## FACTS

Paul DeBruel testified that on March 13, 1997, appellant and Lori Williams, who had a romantic relationship with appellant, argued in the apartment appellant shared with Williams. Williams asked appellant to leave the apartment. Appellant left the apartment when DeBruel telephoned the police. Later, appellant returned to the residence and forced his way into the apartment as DeBruel and Williams tried to hold the door shut. DeBruel testified that appellant "pushed his way" into the apartment and that he held "a weapon or something . . . [s]omething that looked black or something." DeBruel then stated that appellant waved a gun that "looked kind of black, I think, all over, but one part was like, I guess, wooden or something." DeBruel testified that he "thought" the gun was a revolver, and he agreed that the gun had a barrel. DeBruel also testified that he "was looking right at [the gun]" and that it appeared to be a "real gun." The record indicates that DeBruel stood "within a few inches" of appellant when he observed the gun.

DeBruel also testified that appellant discussed DeBruel's testimony with him prior to the trial. DeBruel stated that he "guess[ed] that appellant did not want to go to jail, and he "guess[ed]" that appellant wanted DeBruel to "lie for him."

-

On cross-examination DeBruel testified that the gun was "like gray and black."  He also stated that he has never handled or fired a gun and that he has had no experience with guns.

Williams testified on behalf of the defense.  She testified that, at the time of the trial, she continued to have a romantic relationship with appellant, that they lived together, and that they rode to court together on the date of the trial.

Williams testified that she did not think appellant had a gun on March 13, 1997.  Appellant's counsel later asked, "Did you see anything that resembled a gun?"  Williams replied, "Something, yeah--well, actually I can't really say. . . .  I saw something in his hand."  Williams denied that appellant waved anything in the air while he was in the apartment.

On cross-examination, Williams stated that when appellant entered the apartment, he held something that "looked like a gun."  Williams agreed that she "may have" told the police that appellant held a large caliber revolver.  She later denied that she had previously told the police that appellant possessed a gun during the incident.

Appellant denied that he possessed a gun during the incident.  He testified that he had in his hand a large key chain which he displayed at trial.  It was described as "a key chain with a band approximately 18 inches in length, black with Rugged Sports in white lettering on it, with . . . six key

-

chains, . . . eight keys, a small wooden bat approximately four inches in length."  The police did not recover a gun.

Officer John Mora testified that on March 13, 1997, he responded to Williams' residence regarding a domestic dispute. Mora stated that Williams told him that appellant pushed the door open and he entered the apartment waving a "large caliber revolver."

ANALYSIS

Appellant argues that DeBruel's testimony was "fraught with unexplained inconsistencies" and that, even if his testimony was believed, it failed to establish that the item possessed by appellant was capable of expelling a projectile, or that the projectile would be expelled by the power of an explosion.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  Code § 18.2-308.2 provides that "[i]t shall be unlawful for any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm."  Although Code § 18.2-308.2 does not define "firearm," we have held that, in a prosecution under Code § 18.2-308.2, the Commonwealth is required to prove that the purported firearm had the actual ability to "expel a projectile by the power of an explosion."  Jones, 16 Va. App. at 357-58, 429 S.E.2d at 617.

-

Here, the Commonwealth presented no evidence that the alleged firearm had the ability to "expel a projectile by the power of an explosion." Id. The police did not recover a weapon. Thus, no weapon was examined by the authorities or admitted into evidence. Furthermore, DeBreul's testimony did not prove that the item he allegedly saw in appellant's possession had the ability to expel a projectile by the power of explosion. Moreover, DeBruel testified that he had never handled a gun, fired a gun, or been close to a gun. He stated that he had no "experience in guns." In addition, Williams testified that she did not think appellant possessed a gun during the incident. Therefore, because the Commonwealth failed to prove that appellant possessed a device having the ability "to expel a projectile by the power of an explosion," the evidence does not support appellant's conviction for possession of a firearm after having been convicted of a felony.

Reversed and dismissed.

-