COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


MATTHEW JAMES MORRIS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1141-98-4           JUDGE CHARLES H. DUFF
                                       NOVEMBER 9, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Frank A. Hoss, Jr., Judge

          R. Ramsey Maupin for appellant.

          Shelly James, Assistant Attorney General
          (Mark L. Earley, Attorney General; Ruth M.
          McKeaney, Assistant Attorney General, on
          brief), for appellee.


     Matthew James Morris, appellant, was convicted by a jury of

distributing Rohypnol, a Schedule IV substance, to a minor in

violation of Code § 18.2-255.[1]  On appeal, appellant contends he

did not "distribute" Rohypnol within the meaning of Code

§ 18.2-255.[2]  We disagree and affirm the conviction.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] Rohypnol is the trade name for Flunitrazepam, a Schedule
IV controlled substance listed in Code § 54.1-3452.

        [2] The jury also convicted appellant of rape and contributing
to the delinquency of a minor.  The trial judge set aside the
rape conviction and imposed sentences of thirteen years for
distributing Rohypnol, with ten years suspended, and twelve
months for contributing to the delinquency of a minor.  The only
conviction at issue on appeal is the distribution of Rohypnol.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). So viewed, the evidence proved that Candace Pruitt and her friend, Mary Oldham, both minors, received a telephone call from Roger Erickson on June 9, 1996, inviting Pruitt and Oldham to his apartment. Pruitt and Oldham accepted the invitation, and Erickson picked them up in his vehicle. Erickson took Pruitt and Oldham to Brandon Kelley's apartment. At that time, there were five people in the apartment: Pruitt, Oldham, Erickson, Kelley and Jason Portney. Pruitt saw Erickson and Portney use marijuana, and she saw Kelley with small, white Rohypnol pills, called "roofies." Later, appellant arrived at Kelley's apartment. Pruitt testified that she sat next to appellant and asked him "what a roofie was and what it did to you." Appellant told her that "roofies" make you feel like you are intoxicated on alcohol. After that, appellant produced a Rohypnol pill and handed it to Pruitt so she could look at it. Very soon thereafter, Erickson took it from Pruitt and ingested it.

DISCUSSION

Appellant was charged with violating Code § 18.2-255, which makes it "unlawful for any person who is at least eighteen years

-

of age to knowingly or intentionally (i) distribute any drug classified in Schedule I, II, III or IV . . . to any person under eighteen years of age who is at least three years his junior."

In Virginia, "distribute," as proscribed in Code § 18.2-255 means "to deliver other than by [lawfully] administering or dispensing a controlled substance." Code § 54.1-3401. "Deliver" means "the actual, constructive, or attempted transfer" of any controlled substance, "whether or not there exists an agency relationship," from one person to another. Id. "The term 'distribute' . . . has been defined by the General Assembly so as to give it the broadest possible meaning and to proscribe acts which would not fall within the more limited terms of 'sale,' 'barter,' 'gift' or 'exchange.'" Wood v. Commonwealth, 214 Va. 97, 99, 197 S.E.2d 200, 202 (1973).

Appellant argues that a distribution or delivery requires a "transfer of possession from one person to another." He contends that he could not be guilty of distribution because Pruitt did not, knowingly and intentionally possess the drug, intend to ingest the drug, or exercise dominion and control over it for the brief period she held it.

The Virginia Supreme Court has ruled that "the duration of the possession is immaterial and need not always be actual possession." Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). See also Barlow v. Commonwealth, 26 Va. App.

-

421, 429, 494 S.E.2d 901, 905 (1998) (duration of possession immaterial); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (holding same).

Appellant delivered to Pruitt a proscribed Schedule IV drug. Before doing so, he explained what the drug was and its effects. The fact that Pruitt possessed it for a brief period of time does not undermine or diminish the fact that she actually possessed the drug. By accomplishing an actual transfer of the proscribed drug to Pruitt, appellant was guilty of distribution as defined in Code § 54.1-3401. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

-