COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


DAVID COPPEDGE

MEMORANDUM OPINION[*] BY
v.     Record No. 0337-99-1          JUDGE WILLIAM H. HODGES
MAY 9, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Dianne G. Ringer, Senior Assistant Public
Defender, for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


David Coppedge appeals his conviction for possessing heroin with the intent to distribute it. He argues that the evidence was insufficient to support the conviction. We disagree, and affirm the conviction.

### Facts

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

          * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

So viewed, the evidence proved that while conducting surveillance with the aid of binoculars, Officer Frank Chappell saw Coppedge from a distance of about fifty feet. Coppedge talked with a man, then reached into his left, front pocket and removed "some blue glassine wax papers." Chappell, who had extensive experience investigating narcotics, recognized these papers as narcotics packaging. Coppedge gave one package to the man in exchange for money. Chappell radioed a description of Coppedge to Officer Brent Riddick.

Riddick approached Coppedge, who fled on a bicycle. Riddick pursued Coppedge. During the pursuit, Riddick saw Coppedge reach into his left, front pocket, remove "bluish" colored items, and throw them to the ground. The items appeared to be in "a bundle" and one "single pack" fell away from the rest of the bundle.

Riddick apprehended Coppedge two to three minutes later, and immediately returned to the area where Coppedge had thrown the items. He recovered the items, which consisted of sixteen packages bundled together and one package located a few feet away from the bundle. Laboratory analysis indicated that the packages contained heroin.

When Riddick saw Coppedge throw the items and when Riddick retrieved the items, there were no similar items and "no traffic" in the area. Riddick later recovered $40 in cash from Coppedge.

-

Analysis

Initially, Coppedge argues that the evidence did not prove that the seventeen packages of heroin which Riddick recovered were the same items Coppedge discarded while fleeing from Riddick.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted). However, the Commonwealth "'is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (citation omitted). "Numerous decisions have affirmed convictions for possession of narcotic drugs resting on proof that a defendant was observed dropping or throwing away an identifiable object which, when subsequently recovered, was found to contain narcotics." Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971).

Here, although Riddick did not observe the packages from the moment Coppedge discarded them until the moment Riddick retrieved them, this break in the chain of evidence is not fatal to the Commonwealth's case.  Cf. id. at 300-01, 183 S.E.2d at 737 (the chain of evidence was fatally broken because "no witness was produced who saw [the defendant] dispose of the . . . envelope" he had been carrying and the envelope found by a detective was located next to a "public street on which numerous persons were gathered").

The evidence proved that Coppedge engaged in what appeared to be a drug sale involving blue items.  When approached by Riddick, Coppedge fled.  While fleeing, Coppedge discarded "bluish" items, a "bundle" landing in one spot and a "single pack" falling away from the bundle.  Minutes later, Riddick returned to the spot where Coppedge had discarded the items, and recovered sixteen packages of heroin bundled together and one package a few feet away from the bundle.  The spot where the heroin lay had "no traffic."  This evidence was sufficient to exclude every reasonable hypothesis of innocence and to prove that Coppedge possessed the drugs which were found by Riddick.

Coppedge also contends that the evidence failed to prove that he intended to distribute the seventeen packages of heroin which Riddick recovered.  We disagree.

"'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by

-

circumstantial evidence.'" <u>Wilson v. Commonwealth</u>, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted).

Chappell saw Coppedge reach into his left, front pocket, remove a blue item, and exchange it for money. While fleeing from the police, Coppedge again reached into his left, front pocket, removed blue items, and threw them to the ground. These blue items contained heroin. When arrested, Coppedge possessed $40 in cash. From this evidence of Coppedge's acts, the fact finder could reasonably conclude that Coppedge had engaged in a heroin transaction and possessed the remaining seventeen packages of heroin with the intent to distribute them.

<u>Affirmed.</u>