COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


JAMES S. SHAW

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2876-98-1          JUDGE WILLIAM H. HODGES
                                         MAY 16, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Randolph T. West, Judge

          Charles E. Haden for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James S. Shaw, appellant, appeals his conviction for

embezzlement.  Appellant argues that the evidence was insufficient

to support the conviction, and, therefore, the trial court erred

in denying his motion to strike the evidence.  Finding no error,

we affirm.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In this light, the evidence proved that appellant worked at a bagel bakery as a night shift and opening manager from August 1997 through March 1998. In March 1998, the store's general managers discovered that large false over-rings were being performed on the cash register during the period of appellant's employment. The over-rings were being performed with the use of appellant's magnetic swipe card or use of an access code assigned to him. The over-rings occurred only during appellant's shifts and ceased upon his separation from employment with the store. No other employee consistently shared the same schedule with appellant.

The general managers discovered the false entries by examining daily end-of-day reports. It was the closing manager's responsibility to program the store's computer to generate these reports at closing so that the report would be ready for the opening manager to review the next morning. The opening manager counted the money in the drawer at shift changes, and mid-day, and initialed the end-of-day reports. The over-rings would subtract the over-ring amount from the balance of total sales for the day. If the over-ring amount was not taken from the cash in the drawer, the total cash would have been greater than the reported total sales by the amount of the over-ring. No deposits were greater than the reported balance totals.

Appellant testified that he would often enter an over-ring to obtain price quotes for phone inquiries, but denied taking any money. Amy Damron, a defense witness, also testified that she and others would use appellant's card for these phone inquiries, as well as other transactions, though she stated this occurred only in appellant's presence. The general manager, however, testified that this information could be obtained by a much simpler process of merely entering the order and voiding it on the screen before the transaction was completed. This process would not require a magnetic swipe card or access code, nor would it affect the day's accounting of total sales.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The trier of fact is not required to accept a party's evidence in its entirety, see Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness. See Rollston v.

Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Therefore, the trial court was not required to accept appellant's testimony denying he committed the embezzlement. Nor was the trial court required to be persuaded by the testimony of Damron.

"Opportunity is always a relevant circumstance . . . and, when reinforced by other incriminating circumstances, may be sufficient to establish criminal agency beyond a reasonable doubt." Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981). "Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt." Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986).

Here, the evidence proved that the embezzlement occurred only when appellant was working and that it was concealed by use of the over-ring method performed by the use of appellant's magnetic swipe card or access code. Although evidence existed that others used his card or access code, no other employee consistently worked the same days of the week or shared the same shift changes. Appellant had access to the money because, as shift manager, he reviewed the balance reports and counted the money. Further, the embezzlement ceased when appellant's

- 4 -

employment ceased.  From this evidence, the trial court was entitled to conclude that appellant was the criminal agent.

The Commonwealth presented sufficient evidence to prove, beyond a reasonable doubt, that appellant was guilty of embezzlement.  Accordingly, we affirm appellant's conviction for embezzlement.

<u>Affirmed.</u>