COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judge Duff and Judge Clements[*]
Argued at Alexandria, Virginia


ROBERTO CALDERON

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2132-99-4          JUDGE CHARLES H. DUFF
                                         JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        F. Bruce Bach, Judge

           Michael C. Sprano, Assistant Public Defender
           (Clinton R. Shaw, Jr., Assistant Public
           Defender, on brief), for appellant.

           John H. McLees, Assistant Attorney General
           (Mark L. Earley, Attorney General; Thomas M.
           McKenna, Assistant Attorney General, on
           brief), for appellee.


     Roberto Calderon, appellant, appeals his conviction for

malicious burning of a school building structure.  Appellant

contends that the trial court erred by finding the evidence

sufficient to prove that an actual burning occurred.  For the

following reasons, we find no error and affirm the conviction.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

          [*] Judge Jean Harrison Clements took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

          [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).  The conviction will not be reversed "unless

it is plainly wrong or without evidence to support it."

Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808,

813 (1999).

Larry Lindsay was "performing locker duty" at Langston

Hughes School when he noticed that a locker was on fire.

Lindsay saw flames "coming out of the locker."  In response to

Lindsay screaming that there was a fire, Bill Stitch

extinguished the flames with a fire extinguisher.  Officer

Garrett Bailey investigated the fire.  Appellant admitted

filling the locker with notebook paper and lighting the paper

with a lighter.  In a conversation with Bailey, appellant

admitted setting the fire and showed Bailey the trashcan where

he had thrown away the lighter.  Bailey took pictures of the

charred locker, and the pictures were admitted into evidence at

trial.  The trial judge viewed the pictures and noted that the

lockers had been damaged by the fire.  The trial judge said, "I

mean it looks like the paint is charred on [the locker]."  The

damaged lockers had to be repainted.

The amount of "burning" necessary to support appellant's

conviction pursuant to Code § 18.2-79 is "'any amount, provided

there is a perceptible wasting of the fiber of the building or

object which is the subject of arson.'"  See Hancock v.

-

Commonwealth, 12 Va. App. 774, 779, 407 S.E.2d 301, 303-04 (1991) (citation omitted). Only a "slight burning" is necessary. See id. at 779, 407 S.E.2d at 304.

The trial judge considered and determined the credibility of the witnesses, heard the evidence that appellant stuffed paper into the locker and lighted the fire, viewed pictures of the locker taken after the fire was extinguished, and noted that the pictures showed that the locker was charred and damaged by the fire. Viewing the evidence and the pictures of the charred locker, the evidence was sufficient to prove beyond a reasonable doubt that a "burning" occurred, and therefore, was sufficient to support appellant's conviction for malicious burning. The photographic evidence supports the trial judge's decision, and we cannot say that the trial judge was plainly wrong or that his decision was without evidence to support it.

For these reasons, we find no error in appellant's conviction, and accordingly affirm.

Affirmed.

-