COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Olitsky[*]
Argued at Richmond, Virginia


ODEH BENJAMIN

                                        MEMORANDUM OPINION[**] BY
v.    Record No. 2254-98-2           JUDGE NORMAN OLITSKY
                                           JULY 18, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                Oliver A. Pollard, Jr., Judge

        Mary Katherine Martin, Senior Assistant
        Public Defender, for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Odeh Benjamin, appellant, was convicted of felony failure to

stop at the scene of an accident involving physical injury in

violation of Code § 46.2-894.  He argues the evidence was

insufficient to convict him of this offense.  We affirm his

conviction.

                              FACTS

     Reginald Morris testified that on November 28, 1996 at about

11:00 p.m., he was in his car, stopped at an intersection, waiting

---

     [*] Retired Judge Norman Olitsky took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

to make a left turn.  A car driven by appellant struck Morris' car on the rear passenger side.  Morris testified the impact "knocked [his car] up maybe two or three feet."  Appellant's car drove onto the sidewalk and stopped about forty or fifty feet away from Morris' car.  Morris estimated "[a]bout two-thirds" of appellant's car was on the sidewalk.

Morris saw appellant "look back" at Morris' car, then appellant made a right turn and drove away.  Morris obtained appellant's license plate number and gave the police a description of appellant's car.

Morris testified the impact "took out like a good portion of the trunk," pushing the trunk up.  It also damaged chrome fender trim on the side of the car and damaged rear lights.  Morris saw headlight damage on appellant's car.  Officer Kevin Johnson reported to the accident scene and described Morris' vehicle as "pretty severely damaged."

Morris suffered back and neck pain from the incident and had to be assisted into an ambulance.  He testified he felt "tense as if [he]'d fallen or something."  Hospital staff administered x-rays and gave Morris "some shots."  Morris later obtained prescription pills for the pain, which lasted for several months after the accident.  Morris also received "heat and traction" treatments after the incident.

Officer Mark Stefaniak looked for the car after the accident. He saw appellant's vehicle, which had a damaged driver's side

-

headlight and matched the description Morris gave the police. Stefaniak stopped the car at 11:53 p.m. about three or four miles from the scene of the accident. Stefaniak stated the driver's side door was "difficult to open," and there was "pretty extensive damage" to appellant's car. Stefaniak had to wrench open the door. Stefaniak arrested appellant for driving under the influence of alcohol.

Appellant testified Morris' car suddenly stopped in front of appellant's car without using a turn signal. Appellant stated he tried to avoid striking Morris' car, and he turned his car to the right. However, the left side of appellant's car struck Morris' car. Appellant said he stopped "briefly," but because his driver's license was suspended at the time, he drove toward his home. Appellant also testified he did not believe the accident damaged Morris' vehicle.

### ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

Appellant was convicted of violating Code § 46.2-894, which provides in pertinent part:

> The driver of any vehicle involved in an
> accident in which a person is killed or
> injured or in which an attended vehicle or

-

> other attended property is damaged shall
> immediately stop as close to the scene of
> the accident as possible without obstructing
> traffic, as provided in § 46.2-888, and
> report his name, address, driver's license
> number, and vehicle registration number
> forthwith to the State Police or local
> law-enforcement agency, to the person struck
> and injured if such person appears to be
> capable of understanding and retaining the
> information, or to the driver or some other
> occupant of the vehicle collided with or to
> the custodian of other damaged property.

"The duty imposed upon the driver of a vehicle involved in an accident is not passive.  It requires positive, affirmative action; -- that is, to stop and give the aid and information specified."  Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946).

> Knowledge necessarily is an essential
> element of the crime.  This does not mean
> that the person should have positive
> knowledge of the extent of the damage or
> injuries inflicted.  It does mean that, in
> order to be guilty of violating the statute,
> "the driver must be aware that harm has been
> done; it must be present in his mind that
> there has been an injury; and then, with
> that in his mind, he must deliberately go
> away without making himself known.  If an
> injury is inflicted under such circumstances
> as would ordinarily superinduce the belief
> in a reasonable person that injury would
> flow, or had flowed, from the accident or
> collision, then it is the duty of the
> operator to stop his vehicle."

Id. (citation omitted).

In Kil v. Commonwealth, 12 Va. App. 802, 811, 407 S.E.2d 674, 679 (1991), we held, "the Commonwealth must prove that the defendant possessed actual knowledge of the occurrence of the

-

accident, and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case."

Appellant admits he had actual knowledge of the occurrence of the accident. However, he argues he did not have knowledge of any injury to Morris.

The evidence proved appellant's car struck Morris' car with such force that it caused Morris' car to move forward two to three feet from a stationary position, and it caused appellant's vehicle to veer out of control, stopping on the sidewalk forty or fifty feet from the point of collision. The impact pushed up the trunk on Morris' car and damaged the side chrome fender trim on the side of the car. An officer at the scene described Morris' car as "pretty severely damaged." Appellant looked toward Morris' car before leaving the scene, but he testified at the trial that he did not believe the accident caused any damage to Morris' car. The trial judge was not required to accept appellant's testimony. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

In addition, after the impact, appellant's car was damaged to the point where the officer had difficulty opening the driver's side door. Under the circumstances of this accident, a

-

reasonable person would have known that Morris was injured by the force of the collision.  Furthermore, the evidence proved Morris complained of back and neck pain at the scene of the accident and received treatment at the hospital immediately after the accident.  Therefore, from the evidence of the circumstances of the accident, the damage caused to both vehicles, and the nature of Morris' injuries, the trial judge could conclude beyond a reasonable doubt that appellant feloniously violated Code § 46.2-894.

Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>

-