COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Bumgardner and Senior Judge Overton
Argued by teleconference


JOHN IAN MITCHELL
                                                OPINION BY
v.      Record No. 2668-02-2            JUDGE NELSON T. OVERTON
                                            OCTOBER 28, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

Melvin J. Radin for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


John Ian Mitchell appeals his bench trial conviction for forcible sodomy.  He argues the evidence was insufficient to support his conviction.  Specifically, he contends the Commonwealth failed to establish he performed the act through the use of the victim's mental incapacity.  For the reasons that follow, we disagree and affirm his conviction.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that on December 8, 2001, Michael Wright picked up Ross Klinefelter, a twenty-two-year-old mentally retarded male.  Wright drove Klinefelter to Mitchell's residence.  Mitchell played a pornographic videotape depicting homosexual sex acts and asked Klinefelter if he was "getting turned on."  Mitchell then performed oral sex on Klinefelter.  Klinefelter became upset, left the house, and reported the incident to his mother who contacted the police.

In a statement to the police, Mitchell initially denied having performed oral sodomy on Klinefelter, but later admitted having done so. Mitchell also remarked that he knew Klinefelter was mentally ill and that he thought Klinefelter "did not know what was going on."

In pertinent part, Code § 18.2-67.1 provides:

> An accused shall be guilty of forcible sodomy if he or she engages in . . . fellatio . . . with a complaining witness who is not his or her spouse . . . and . . . [t]he act is accomplished against the will of the complaining witness . . . through the use of the complaining witness's mental incapacity . . . .

The evidence established Klinefelter is mentally retarded. Mitchell admitted he knew Klinefelter was retarded, and in his written statement acknowledged he did not think Klinefelter knew what was happening. Mitchell, alone with Klinefelter in his bedroom, played a pornographic video in order to arouse his victim. He admitted he then performed oral sex on Klinefelter. The evidence also indicated that Klinefelter did "not understand 'the nature and consequences of the sexual act involved.'" Adkins v. Commonwealth, 20 Va. App. 332, 343, 457 S.E.2d 382, 387 (1995) (citation omitted).

"The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991). Based upon the evidence presented, the trial court reasonably concluded Mitchell performed the sex act through the use of Klinefelter's mental incapacity. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Mitchell was guilty of forcible sodomy.

Accordingly, we affirm the decision of the trial court.

Affirmed.