COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


RICHARD EARL BROCK, JR.

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 0271-04-1            JUDGE NELSON T. OVERTON
                                         DECEMBER 14, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Westbrook J. Parker, Judge

Barrett R. Richardson (Richardson and Rosenberg, LLC, on brief),
for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Richard Earl Brock, Jr. appeals from his conviction for possession of cocaine with intent

to distribute. Appellant argues that the evidence was insufficient as a matter of law to support

his conviction because it failed to prove beyond a reasonable doubt that he possessed the cocaine

found at 244 Pine Street, Suffolk, Virginia.[1] Finding no error, we affirm.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that on July 18, 2003, Suffolk police officers executed a

search warrant at a residence located at 244 Pine Street, in Suffolk, Virginia. That residence was

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not argue that the evidence was insufficient to prove beyond a
reasonable doubt that he intended to distribute the cocaine. Accordingly, we will not address
that issue on appeal.

a house divided into two apartments.  At the time the officers executed the search warrant, appellant, Eric Mack, and Marque Butler were present inside one of the apartments.

Prior to the search warrant being executed, Mack had been inside the apartment for about one and one-half hours.  He had been playing video games with Butler, while appellant watched them.  During that time, six to seven persons knocked on the door of the apartment.  Each time a person knocked on the door, appellant answered the door, and then he and that person walked down a small hallway towards the back of the apartment.  They stayed there for five to ten seconds, returned to the front of the apartment, and the person who had knocked at the door left.  After that, appellant would sit back down and continue watching Mack and Butler play video games.  The apartment had a living room in the front, and a bedroom and bathroom off of the hallway, which led to the kitchen in the back of the apartment.

At some point, Mack heard a person, outside the apartment, say, "Get down."  At that point, appellant and Butler ran past Mack towards the back of the apartment.  Mack followed them to the back of the apartment, and found the police blocking the back door.  Then Mack ran back towards the front of the apartment and jumped on a bed as the police entered the apartment.  Mack denied ever seeing any drugs or paraphernalia in the apartment.  Mack believed that Annie Austin and Butler lived at the house and that appellant did not live there.

Investigator D.L. White, who was the fifth police officer through the door upon entry into the apartment at 244 Pine Street to execute the search warrant, saw Mack on the bed when he got to the bedroom.  Upon instructions from another officer, White checked the toilet in the bathroom next to the back bedroom and found a DVD case floating on the top of the water in the toilet.  On top of the DVD case, White found eleven small ziplock baggies, which each contained a white rock-like substance, later confirmed to be crack cocaine, with a total weight of 1.029 grams.  In a search of appellant's person, White recovered $111 in United States currency from

appellant's pants pocket, in dominations of six ones, seven fives, one ten, and three twenties. In a trashcan next to the toilet, White found small ziplock baggies, a razor blade, a nail, and some trash. Thereafter, White left the residence at 244 Pine Street and went to 257 Holladay Street. White returned to 244 Pine Street approximately one hour later.

Upon his return to 244 Pine Street, White recovered (1) $767 in United States currency from between the mattress and the wall in the bedroom, (2) three smaller plastic ziplock baggies from the top of the dresser in the bedroom, (3) another DVD case, which contained residue, later confirmed to be cocaine, from the bedroom, (4) two hand-held radios from the dresser drawer in the bedroom, (5) a picture of Butler from the dresser in the bedroom, (6) documents in the name of Butler and Austin from the bedroom, and (7) a cell phone in the living room.

Investigator James Buie testified that when the officers arrived to execute the search warrant, there was one person on the porch, who yelled, "Police," and then tried to leave. Buie went to the rear of the residence and found appellant and Butler attempting to exit. Appellant and Butler were taken into custody at that time. Buie, who knew Butler and appellant, stated that he believed they were related and that Austin was Butler's mother. Buie stated that appellant and Butler had shared residences before. Buie, who qualified as an expert in the packaging and distribution of controlled substances, testified as follows as to how drug sales in homes usually occur:

> [C]ustomers come to the door, knock on the door, most of the time
> are accepted into the residence because a lot of dealers don't want
> to deal out on their porch because they're afraid somebody is
> watching. If they're accepted into the residence will go into the
> residence, purchase the cocaine or the narcotic, and then leave the
> residence, usually only staying a couple of minutes.

"Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion

- 3 -

and control.'" Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (citation omitted). "'Mere proximity to a controlled drug is not sufficient to establish dominion and control.' Proximity is, however, a factor that can be considered 'when determining whether the accused constructively possessed drugs.' Furthermore, the defendant may possess the drugs jointly with one or more other persons." Copeland v. Commonwealth, 42 Va. App. 424, 440, 592 S.E.2d 391, 398 (2004) (citations omitted). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004). Circumstantial evidence may be sufficient to prove possession, as long as it excludes all reasonable hypotheses of innocence flowing from the evidence. Higginbotham v. Commonwealth, 216 Va. 349, 352-53, 218 S.E.2d 534, 537 (1975).

Based on the testimony of the Commonwealth's witnesses, and the reasonable inferences fairly deducible therefrom, a fact finder could conclude beyond a reasonable doubt that appellant was selling cocaine from inside the residence located at 244 Pine Street and that he was aware of the presence, nature, and character of the cocaine found in that residence. Mack testified that six to seven persons knocked on the door at various times. On each of those occasions, appellant was the person who answered the door. Then appellant and the person who had knocked on the door walked to the back of the house, in close proximity to where the cocaine was ultimately found, where they stayed for a brief time, before returning to the front of the house, where the person who had knocked on the door left. Buie testified that this behavior was consistent with someone conducting drug sales from a residence. When someone outside on the porch yelled "Police" or "Get down," appellant and Butler tried to run from the back of the house. In addition, the evidence proved that at times, appellant had shared a residence with Butler. Thus, contrary to appellant's assertions, the evidence did not merely show that he was present in an

apartment owned by someone else when the police discovered the cocaine. Rather, the evidence revealed appellant's conduct while inside the apartment, which when combined with the totality of the facts and circumstances disclosed by the evidence, was sufficient to exclude all reasonable hypotheses of appellant's innocence and to support the finding beyond a reasonable doubt that appellant was in constructive possession of the crack cocaine.

Accordingly, the Commonwealth's evidence was sufficient to support appellant's conviction for possession of cocaine with intent to distribute.

Affirmed.