COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


RANDY EUGENE DONNELLY

MEMORANDUM OPINION[*] BY
v.    Record No. 2070-00-2        JUDGE RUDOLPH BUMGARDNER, III
                                  NOVEMBER 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Robert B. Hill (Hill, Rainey & Eliades, on
brief), for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Randolph A. Beales, Acting
Attorney General, on brief), for appellee.


Randy Eugene Donnelly was convicted of possession of a

firearm after being convicted of a felony. He contends the

evidence was insufficient to prove he intentionally and

consciously possessed the firearms. Finding no error, we

affirm.

Deputy Jimmy Clay responded to a domestic complaint at the

defendant's home.[1] While there, he observed two shotguns in a

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

    [1] "On appeal, 'we review the evidence in the light most
favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom.'" <u>Archer v.
Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)
(citation omitted).

gun rack on the defendant's bedroom wall.  The gun rack was about ten feet from the bed in a room that the defendant shared with his girlfriend.  The defendant volunteered that "he hunts every year . . . [and] buys a hunting license every year."  He was convicted of armed robbery twenty years ago.

The Commonwealth must prove the defendant was aware of both the presence and character of the firearms and he exercised dominion and control over them.  Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831 (1997) (proximity to firearm and ownership or occupancy of premises are probative of defendant's constructive possession).  The only issue on appeal is whether the guns were subject to the defendant's dominion and control because he concedes he knew the shotguns were in his bedroom.

The defendant kept the guns in his bedroom which was "off limits" to the children.  The door was kept "closed at all times," and he forbade the children from "mess[ing] with" the guns.  The defendant admitted it was "explicitly clear that no one is to go in [his bedroom] and mess with" the firearms.  The defendant conceded he went hunting with "my boys" and the guns were with him.  That evidence permits the reasonable conclusion that the defendant exercised dominion and control over the guns.

The defendant denied the guns were his and testified that he did not handle the guns when he took the boys hunting.  "The

-

credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).  The fact finder believed the Commonwealth's evidence and rejected some of the defendant's testimony.

The evidence was sufficient to prove beyond a reasonable doubt that the defendant, a convicted felon, possessed a firearm.  Accordingly, we affirm the conviction.

Affirmed.

-