COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


JEFFREY WAYNE BYERS
                                        OPINION BY
v.    Record No. 2269-00-3        JUDGE G. STEVEN AGEE
                                      NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                James W. Updike, Jr., Judge

        Craig P. Tiller (Davidson, Sakolosky,
        Moseley, & Tiller, P.C., on briefs), for
        appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Jeffrey Wayne Byers (Byers) was convicted by a jury, in the

Bedford County Circuit Court, of possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  He was

sentenced to serve a term of six months incarceration and to pay

a fine of $1,000.

    On appeal, Byers contends (1) the evidence was insufficient

to convict him of possession of the firearm, and (2) the trial

court erred by refusing his proffered jury instruction regarding

his right to be in possession of a firearm by necessity for

self-defense.  For the following reasons, we affirm the

conviction.

## I. BACKGROUND

On March 14, 1999, Byers attempted to stop an acquaintance, Deetzie Crow, from stealing a car. Crow retaliated by shooting Byers in his right shoulder. The wounding required Byers to be hospitalized and his right arm immobilized through the use of a sling.

Crow apparently fled the Commonwealth after the shooting, but Byers testified he received word that Crow "would finish the job," so he could not testify against Crow. Byers did not know Crow's whereabouts or whether Crow knew where to find him, but he feared for his life. Byers, a convicted felon, inquired of his probation officer and a police officer investigating the shooting how to proceed to obtain permission to possess a firearm. The officers were unable to assist Byers in his request and confirmed to him that he could not have a firearm. The record does not indicate Byers filed a petition under Code § 18.2-308.2(C) to have his right to possess a firearm restored.

On April 5, 1999, a loaded Mossberg twelve-gauge shotgun was found by law enforcement officers in Byers' home. Teresa Climmer purchased the firearm, at Byers' direction, on March 26, 1999. At that time, she was Byers' live-in girlfriend. The firearm was kept in the couple's bedroom. When the firearm was found by authorities, however, Teresa Climmer no longer resided with Byers who then had complete access to the firearm at all times.

-

## II.  SUFFICIENCY OF THE EVIDENCE

### A.  STANDARD OF REVIEW

When the sufficiency of the evidence is challenged, we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  See Code § 8.01-680.

### B.  ANALYSIS

Code § 18.2-308.2 makes it a crime for a convicted felon "to knowingly and intentionally possess . . . any firearm." Byers does not challenge his status as a convicted felon. Instead, he argues the Commonwealth failed to prove he had possession of the firearm.  Byers contends possession cannot be proven as a matter of law because Teresa Climmer purchased the gun, it was primarily kept in their shared bedroom and he was unable to use the firearm because one arm was immobilized.  We disagree.

-

"A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony . . . requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm."  Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995).  Under a theory of constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Possession "need not always be exclusive.  The defendant may share it with one or more."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).  Although mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband.  See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).  Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession.  See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

The evidence was sufficient to establish Byers possessed the firearm.  Byers conceded knowledge of the firearm and its location and that he had easy access to it.  In addition to

-

these concessions, the jury had before it the testimony of Byers that he participated in the decision to purchase the firearm for the protection of those residing in his home. The jury also heard evidence that Teresa Climmer no longer lived in Byers' home at the time the gun was found. While prior to his arrest, Byers may have shared possession of the firearm with Teresa Climmer, and his possession may have been constructive, those conditions are sufficient to sustain a conviction under Code § 18.2-308.2. In any event, at the time of his arrest, Byers had full dominion and control of the firearm.

Code § 18.2-308.2 also requires a finding that the possession be intentional, and the evidence was sufficient to support such a finding. The evidence was uncontradicted that the firearm was purchased and kept in Byers' home at his direction and under his supervision. There is no doubt, therefore, that the possession of the firearm was intentional.

Byers' immobilized arm is no defense to a conviction under Code § 18.2-308.2. The plain language of the statute prohibits "possession" of any firearm by a convicted felon and provides no exception from that requirement related to the felon's physical ability to use the firearm at a particular time.

The evidence was clearly sufficient to prove Byers knowingly and intentionally possessed the firearm after being convicted of a felony.

-

III.  THE REFUSED JURY INSTRUCTION ON NECESSITY

Byers also contends the trial judge erred in refusing his proffered jury instruction, which provided, "[a] person who reasonably believes that another intends to attack him for the purpose of killing him or doing him serious bodily harm has a right to arm himself for his own necessary self-protection." Byers contends the evidence was sufficient to warrant the proffered instruction to the jury on the common law defense of necessity for self-defense.  We disagree.

A.  STANDARD OF REVIEW

Both the Commonwealth and the defendant are entitled to appropriate jury instructions on the law applicable to their version of the case.  See Banner v. Commonwealth, 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963).  When evidence exists in the record to support the defendant's theory of defense, the trial judge may not refuse to grant a proper, proffered instruction. See Painter v. Commonwealth, 210 Va. 360, 365, 171 S.E.2d 166, 170-71 (1969); Delacruz v. Commonwealth, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990).  "[W]here evidence tends to sustain both the prosecution's and the defense's theory of the case, the trial judge is required to give requested instructions covering both theories."  Diffendal v. Commonwealth, 8 Va. App. 417, 422, 382 S.E.2d 24, 26 (1989).

In addition, although the Commonwealth prevailed at trial, when we consider the refusal of the trial judge to give a

-

proffered instruction, "'the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant.'" Seegers v. Commonwealth, 18 Va. App. 641, 643, 455 S.E.2d 720, 722 (1994) (citation omitted).

## B. ANALYSIS

In support of his argument, Byers cites the Supreme Court of Virginia's decision in Bevley v. Commonwealth, 185 Va. 210, 38 S.E.2d 331 (1946). We do not agree Bevley supports Byers' position. We also do not find, based on the analysis applied by this Court in Humphrey v. Commonwealth, ____ Va. App. ___, ___ S.E.2d ___ (2001), that the facts of this case entitled Byers to the requested instruction.

### 1. Inapplicability of Bevley

In Bevley, the defendant was charged with murder. He had been threatened by the victim while unarmed, but then retrieved his firearm and allegedly shot the victim in self-defense. The Bevley trial judge instructed the jury that

> the law presumes a person using a deadly
> weapon to kill another acted with malice,
> and the burden is thrown upon the person so
> using a deadly weapon to overcome this
> presumption. But if upon consideration of
> all the evidence you have a reasonable doubt
> as to whether he acted with malice or not
> you should not find him guilty of murder.

185 Va. at 214, 38 S.E.2d at 333.

-

However, the trial judge refused the defendant's proffered instruction that arming oneself for necessary self-defense negates the element of malice. The proffered instruction provided:

> [W]hen a person reasonably apprehends that another intends to attack him for the purpose of killing him or doing him serious bodily harm, then such person has a right to arm himself for his own necessary self-protection, and in such case, no inference of malice can be drawn from the fact he prepared for it.

Id.

In finding that the trial judge erred in refusing the defendant's proffered instruction, the Supreme Court did not base its holding on the right to self-defense. The Court held the instruction should have been granted because the defendant had the burden to overcome the presumption of malice:

> [W]hen a jury is told that the law presumes that a person using a deadly weapon to kill another acts with malice and throws upon the accused the burden of disproving malice, then the accused is entitled as a matter of law to have the jury instructed that he has overcome the presumption, if they believe the evidence offered in his behalf.

Id. at 215, 38 S.E.2d at 333.

The proffered instruction in the case at bar tracks the language of the Bevley instruction, but deletes the language negating malice. The sole justification for the instruction in Bevley was to rebut the presumption of malice, but malice is not an element of possession of a firearm by a convicted felon.

-

Byers' proffered instruction, therefore, was inappropriate and his reliance on Bevley is misplaced. "It is a fundamental principle that '[a]lthough an instruction may correctly state the law, it should not be given if it is inapplicable to the facts in evidence . . . [and] might confuse or distract the jury.'" Morse v. Commonwealth, 17 Va. App. 627, 630, 440 S.E.2d 145, 149 (1994).

### 2. Common Law Defense of Necessity

Although Bevley does not support Byers' position, the broader question remains as to whether he can assert the common law defense of necessity for self-defense to the statutory prohibition of a felon's possession of a firearm. In Humphrey, ___ Va. App. ___, ___S.E.2d ___, we recently held that the General Assembly did not abrogate the common law defense of necessity in the enactment of Code § 18.2-308.2. Id. at ___, ___ S.E.2d at ___. We also reiterated the essential elements of a necessity defense:

> "(1) [A] reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm."

Id. at ___, ___ S.E.2d at ___ (quoting Buckley v. Commonwealth, 7 Va. App. 32, 33, 371 S.E.2d 827, 827-28 (1988)). Applying these factors to the facts in Humphrey, we found there were sufficient facts in that record to require a jury instruction on

-

the defense of necessity to a charged violation of Code § 18.2-308.2.

The facts in Humphrey, however, are in stark contrast to those in the case at bar.  In Humphrey, the convicted felon was under direct attack by gunfire in his isolated home at the time he took possession of a firearm.  Those circumstances reflected an "imminent threatened harm," and the convicted felon had no other means to avoid the harm.

In United States v. Crittendon, 883 F.2d 326 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit decided a case similar to that at bar in the context of 18 U.S.C. § 922(g), the federal equivalent to Code § 18.2-308.2.[1]

Crittendon, a convicted felon had been shot and thereafter received death threats over the telephone.  He subsequently armed himself with a pistol for self-protection from the perceived threat and was charged with violating 18 U.S.C.

---

[1] The Fourth Circuit has not specifically decided that the defense of necessity can apply to a charged violation of 18 U.S.C. § 922(g) or similar statutes.  See Crittendon, 883 F.2d 326; United States v. Holt, 79 F.3d 14, 16 (4th Cir. 1995) (presented with the question of whether justification is a defense to a charge of violating 18 U.S.C. § 13 (assimilating Virginia Code § 53.1-203(4)), which makes it a felony for a prisoner to "[m]ake, procure, secrete or have in his possession a knife, instrument, tool or other thing not authorized by the superintendent or sheriff which is capable of causing death or bodily injury").  However, other federal circuit courts of appeal have specifically ruled that the common law defense of necessity can apply to a violation of the federal felon with a gun statute.  See United States v. Gant, 691 F.2d 1159 (5th Cir. 1982).

-

§ 922(g).  The trial court accepted Crittendon's claim that he possessed the gun for self-defense and not a nefarious purpose. Nonetheless, there was no evidence showing he was in any imminent danger when he was arrested for possession of the firearm.  His conviction under 18 U.S.C. § 922(g) was affirmed on the following basis:

> [Crittendon's] claim of entitlement to an instruction on the defense fails because the evidence does not support a conclusion that he was under a present or imminent threat of death or injury.  While his fear of another attack may have been rational and might have been his real motivation for carrying a revolver, generalized fears will not support the defense of justification.  See United States v. Harper, 802 F.2d 115 (5th Cir. 1986) (convicted felon who purchased hand gun for protection after repeated robberies of his store not entitled to justification instruction because he was not in imminent danger).  Instead, the defendant must show that a real and specific threat existed at the time of the unlawful possession.

Id. at 330.[2]

The criteria applied in Humphrey and Crittendon did not entitle Byers to a jury instruction on the common law defense of necessity to arm.  While Byers contends he was in fear of bodily

---

[2] The criteria adopted by the federal courts of appeal for assertion by a convicted felon of the common law necessity defense appears to require an actual threat to exist at the time the felon takes possession of the weapon.  See e.g., United States v. Perrin, 45 F.2d 869, 874 (4th Cir. 1995); Gant, 691 F.2d at 1162.  As we noted in Humphrey, the law of necessity in Virginia does not require that the imminent threat in fact exist.  See ___ Va. App. at ___ & n.5, ___ S.E.2d at ___ & n.5 (citing McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).

—

harm from Crow, who had shot Byers several months earlier, Byers only had a generalized fear. At the time of Byers' arrest for possession of the firearm, Crow had not been apprehended. While Byers testified that threats to "finish the job" of killing him had been allegedly made by Crow, the threats were not made directly to him. Byers was not aware of Crow's location and did not know if Crow knew of his.

There was no evidence at the time Byers possessed the shotgun that he faced an imminent threat of death or injury as was the case in Humphrey. Any threat from Crow was speculative. Under these circumstances, the defense of necessity cannot apply and, therefore, no jury instruction was warranted. Accordingly, the proffered instruction was not supported by the evidence and was properly refused. "An instruction that is not supported by the evidence . . . is properly refused." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479-80 (1993).

The ruling of the trial court rejecting the proffered jury instruction was correct, and Byers' conviction is affirmed.

Affirmed.