COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


DEMETRIUS JEVON BLOWE

MEMORANDUM OPINION[*] BY
v.    Record No. 2201-01-2        JUDGE ROBERT P. FRANK
                                     NOVEMBER 26, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Thomas N. Nance, Judge

        Gregory W. Franklin, Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


    Demetrius Jevon Blowe (appellant) was convicted in a bench

trial of possession of heroin, in violation of Code § 18.2-250.

On appeal, he challenges the sufficiency of the evidence.  For the

reasons stated, we affirm his conviction.

    "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d

415, 418 (1987)).

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character." Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (citation omitted).

To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted) (emphasis added).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Birdsong v. Commonwealth, 37 Va. App. 603, 607-08, 560 S.E.2d 468, 470-71 (2002)).  Whether a particular hypothesis is reasonable is a question of fact binding on appeal "'so long as the inferences are reasonable and justified.'"  Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988)

-

(quoting Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975)).

Appellant maintains the evidence was insufficient to prove he was aware of the presence of the heroin or that he exercised dominion and control over the drugs. He contends the evidence does not exclude the hypotheses that other people had access to the credit card receipts, placed the drugs in those receipts, and discarded the drugs. The evidence belies those contentions.

Officer Bryan Hixson of the Richmond Police Department was conducting a traffic checkpoint at the intersection of Swansboro and Decatur. He observed a maroon, four-door sedan with temporary tags turn onto Swansboro from Hull Street. The car then stopped, turned around, and "went the wrong way on Swansboro and made a right on Hull Street." Hixson relayed this information to Officer Rahmel Logan, who followed the sedan. After losing sight of the car for five seconds, Logan found the sedan parked on the side of the road. Appellant was standing alone on the driver's side of the sedan.

On the ground in front of the car and near appellant were two pieces of paper. One paper was folded in a manner consistent with heroin packaging. The other was unfolded. Both papers were credit card purchase receipts. The folded paper contained heroin.

The police found a blue Visa credit card and a gold Visa credit card on appellant's person. The blue Visa card bore the

-

last name "Blowe," but the officer did not recall the first name.[1]  The gold card bore the name Keith Smith.  The receipt containing the heroin bore four digits that matched the last four digits on the blue card.  The unfolded receipt bore the name on the gold Visa card.

Appellant's presence next to the car and near the heroin was a circumstance the trial court could consider, although not sufficient by itself to convict him of the possession.  See Byers v. Commonwealth, 37 Va. App. 174, 180, 554 S.E.2d 714, 716 (2001).  Additional evidence of his guilt was the credit cards that were found in his possession and that matched the receipt which contained the heroin.  His flight from the traffic checkpoint also provided circumstantial evidence of his guilt. Langhorne v. Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 480 (1991).  Based on all the evidence, the trial court could conclude beyond a reasonable doubt that appellant threw the heroin to the ground to avoid detection and thus was guilty of possessing the heroin.

We, therefore, affirm the conviction.

Affirmed.

---

[1] The officer returned this card to appellant.

-