COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


EDWIN LESTER FALLS, JR.

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1161-07-3                CHIEF JUDGE WALTER S. FELTON, JR.
                                                         NOVEMBER 4, 2008
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF AMHERST COUNTY
                                J. Michael Gamble, Judge

            Gregory W. Smith for appellant.

            (Robert F. McDonnell, Attorney General; Josephine F. Whalen,
            Assistant Attorney General II, on brief), for appellee.  Appellee
            submitting on brief.


        Following a bench trial, the trial court convicted Edwin Lester Falls, Jr. ("appellant") of

possession of a firearm, after having been previously convicted of a felony, in violation of Code

§ 18.2-308.2.  On appeal, he contends the trial court erred in denying his motion to strike the

Commonwealth's evidence and finding the evidence sufficient to prove his guilt beyond a

reasonable doubt.  We conclude the trial court did not err in denying appellant's motion to strike

the Commonwealth's evidence and in finding the evidence presented at trial was sufficient to

convict appellant of violating Code § 18.2-308.2.  Accordingly, we affirm appellant's conviction.

        On appeal, "[w]here the issue is whether the evidence is sufficient, we view the evidence

in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731

(1995).  "[W]e 'presume the judgment of the trial court to be correct' and reverse only if the trial

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's decision is 'plainly wrong or without evidence to support it.'" Burrell v. Commonwealth, 50 Va. App. 72, 84, 646 S.E.2d 35, 41 (2007) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). See Code § 8.01-680. "It is the province of the [fact finder] to evaluate the credibility of witnesses. It is 'within the province of the [fact finder] to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts.'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976)) (citations omitted). "Thus, we do not 'substitute our judgment for that of the trier of fact.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

To convict appellant of possession of a firearm after having been previously convicted of a felony, the Commonwealth was required to prove beyond a reasonable doubt both that appellant possessed a firearm and that he had previously been convicted of a felony. Code § 18.2-308.2.

> A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm.

Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)) (citations omitted).

At trial, appellant did not dispute that the Commonwealth's evidence established that he had been previously convicted of a felony. He contends, however, that the evidence presented proved only that he drove John Maddox's blue Chevrolet Blazer ("Blazer"), not that he possessed the .22-caliber rifle located inside that vehicle. We disagree.

The evidence at trial proved that Maddox asked appellant to repair the brakes on his Blazer and that he left the Blazer at appellant's home for that purpose. Appellant then contacted Maddox and asked to borrow Maddox's .22-caliber rifle to teach his seven-year-old son to shoot. Later that day, Maddox returned with the rifle to appellant's house and, not seeing appellant, "laid it across the back seat" of the Blazer. He left no ammunition for the rifle. When Maddox retrieved the Blazer three days later, he found the rifle "in the back floorboard" covered with newspaper.

Thereafter, appellant, who asked to borrow Maddox's rifle to teach his son to shoot, told Maddox that his son shot the rifle at appellant's father's farm, located some distance from appellant's house where Maddox left the rifle in the Blazer. While awaiting trial, appellant told a fellow inmate that he had borrowed his friend's rifle while he was repairing his friend's truck and that his seven-year-old son fired the rifle while he was teaching him to shoot. Further, appellant told the same inmate that he had the rifle with him when he drove the Blazer to where his girlfriend was staying, some distance from appellant's house. Appellant also told Maddox that he could keep the remaining .22-caliber bullets that appellant had placed in the Blazer under the seat. Amherst County Investigator Duval Doss subsequently found a partially empty box of .22-caliber bullets under the seat of the Blazer, when he came to Maddox's house to investigate an incident potentially involving the Blazer while it was in appellant's possession.

Appellant told Investigator Doss that during the three days he possessed the Blazer he only drove it a total of approximately thirty-two miles in order to check the repaired brakes.

However, he was seen driving Maddox's blue Blazer during that time period at a place some thirty to thirty-five miles from appellant's home. Maddox told the trial court that "a couple hundred" miles had been logged on the Blazer's odometer from the time he left it at appellant's home until he reacquired it.

Based on this evidence, the trial court found "sufficient circumstantial evidence that [appellant] transported the firearm" and convicted him of violating Code § 18.2-308.2.

"'A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony . . . requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm.'" Byers v. Commonwealth, 37 Va. App. 174, 179-80, 554 S.E.2d 714, 716 (2001) (quoting Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995)) (knowledge of, access to, and intent to obtain firearm sufficient to sustain conviction under Code § 18.2-308.2). "Possession 'need not always be exclusive. The defendant may share it with one or more.'" Id. at 180, 554 S.E.2d at 716 (quoting Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc), overruled on other grounds by Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008)). See also, Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (appellant's awareness of firearm's presence permitted inference that he exercised dominion and control necessary to show constructive possession). From this record, we conclude that the trial court could find beyond a reasonable doubt that, while in possession of Maddox's Blazer, appellant was aware of the presence and character of the rifle in the Blazer and that he exercised dominion and control over it while driving the Blazer and using it to teach his seven-year-old son to shoot.

"Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Hudson, 265

- 4 -

Va. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)).

Appellant's contention that the Commonwealth's evidence failed to exclude all reasonable hypotheses of innocence does not persuade us differently. "Circumstantial evidence of guilt is sufficient to support a conviction when the Commonwealth's evidence excludes every reasonable hypothesis except guilt." Stockton v. Commonwealth, 227 Va. 124, 146, 314 S.E.2d 371, 385 (1984). "'Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (quoting Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832). "Moreover, this principle, 'does not add to the burden of proof placed upon the Commonwealth in a criminal case. The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" Kelly, 41 Va. App. at 258, 584 S.E.2d at 447-48 (quoting Hudson, 265 Va. at 513, 578 S.E.2d at 785).

From the record on appeal, we conclude the trial court's finding that appellant, a convicted felon, unlawfully possessed a firearm in violation of Code § 18.2-308.2 was not plainly wrong or without evidence to support it. Accordingly, we hold that the trial court did not err in finding the Commonwealth's evidence sufficient to prove beyond a reasonable doubt that appellant, a previously convicted felon, unlawfully possessed a firearm.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.