COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia


STEPHEN M. BLANTON

                                                          MEMORANDUM OPINION[*] BY
    v.          Record No. 2363-07-4          JUDGE ELIZABETH A. McCLANAHAN
                                                                    APRIL 28, 2009
COMMONWEALTH OF VIRGINIA


                      FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                              Herman A. Whisenant, Jr., Judge Designate

                  J. Paul Walla (Ashton, Walla & Associates, P.C., on brief),
                  for appellant.

                  Karen Misbach, Assistant Attorney General II (Robert F.
                  McDonnell, Attorney General, on brief), for appellee.


        Appellant argues the evidence was insufficient to prove penetration to support his

conviction of carnal knowledge of a minor under Code § 18.2-63.  "On appeal, 'we review the

evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492

S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d

415, 418 (1987)).  So viewed, the evidence proved that the victim testified she had "sex" with

appellant during the time period alleged in the indictment, she knew what sex was, and testified,

"It's when two people have intercourse."  The victim further testified that she had "intercourse"

with appellant.[1]

                  _____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] At the time the victim described the incident to a Culpeper police detective in August
2006, she was pregnant by appellant as the result of a sexual encounter unrelated to the carnal
knowledge charge.  The pregnancy was terminated subsequent to the interview.

Code § 18.2-63(A) provides, "If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony." Code § 18.2-63(C) provides, "'carnal knowledge' includes the acts of sexual intercourse . . . ." "A common element in each act [of 'carnal knowledge'], whether intercourse or sodomy, is that the Commonwealth has the burden to prove beyond a reasonable doubt that penetration, however slight, has occurred." Welch v. Commonwealth, 271 Va. 558, 563, 628 S.E.2d 340, 343 (2006).

The Supreme Court addressed facts similar to those of the instant case in King v. Commonwealth, 165 Va. 843, 183 S.E. 187 (1936), which was analyzed under the rape statute (1936 Code § 4414). In King, the victim testified that she was "raped" and that the defendant "had intercourse" with her. Id. at 845-46, 183 S.E. at 188-89. In affirming King's conviction, the Court specifically rejected King's argument that "the use of the word intercourse is not sufficient to sustain the fact that actual sexual intercourse, which carries with it penetration, took place." Id. at 846, 183 S.E. at 189.

In the present case, the fourteen-year-old victim testified that she had "intercourse" and "sex" with appellant and explained that she understood "sex" to mean, "when two people have intercourse." Intercourse is defined as, "[p]hysical sexual contact, esp. involving the penetration of the vagina by the penis." Black's Law Dictionary 827 (8th ed. 2004). Cf. Welch, 271 Va. at 565, 628 S.E.2d at 344 (finding that the term "sexual relationship" was too vague to sufficiently describe an act prohibited by the carnal knowledge statute).

We, therefore, agree with the trial court that the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of carnal knowledge under Code § 18.2-63.

Affirmed.