COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


KIP ANTONIO MAJETTE

                                            MEMORANDUM OPINION* BY
v.          Record No. 0637-10-1           JUDGE WILLIAM G. PETTY
                                                JUNE 7, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Eric P. Korslund (Zoby & Broccoletti, P.C., on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Kenneth
T. Cuccinelli, II, Attorney General, on brief), for appellee.


Kip Antonio Majette appeals his convictions for first-degree murder, possession of a

firearm by a convicted felon, and use of a firearm during commission of a felony. Majette

assigns error to the trial court's denial of his motion to suppress the statements he made to police

Detective W.T. Filer. Majette argues that prior to his interview with Detective Filer, he had

clearly, unambiguously, and unequivocally invoked his right to have counsel present during

interrogation by stating to Detective Daniel E. Gagne that he "would not speak to anybody other

than Detective Filer and his attorney." Majette contends that a reasonable police officer under

the circumstances would have understood Majette's statement to mean that he would speak with

Detective Filer only if his attorney were also present. For the reasons expressed below, we

disagree. Accordingly, we hold that the trial court did not err in denying Majette's motion to

suppress. Therefore, we affirm Majette's convictions.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Where, as here, "the parties [do] not dispute the content of [a defendant's] statements to the police" and the trial court thus makes no factual findings regarding the content of those statements, we evaluate the trial court's denial of a defendant's motion to suppress based solely on "a *de novo* review of the legal issue whether [the defendant's] words, taken in context, were sufficient to invoke his right to counsel." Commonwealth v. Hilliard, 270 Va. 42, 50, 613 S.E.2d 579, 584 (2005).

A suspect has the right to have an attorney present during custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 470 (1966). When a suspect invokes this right, "the interrogation must cease until an attorney is present," id. at 474, "unless the [suspect] himself initiates further communication, exchanges, or conversations with the police," Edwards v. Arizona, 451 U.S. 477, 485 (1981). "[T]he determination whether [a suspect] actually invoked his right to counsel is a purely objective inquiry." Hilliard, 270 Va. at 50, 613 S.E.2d at 584. "To invoke this right, a suspect must state his desire to have counsel present with sufficient clarity that a reasonable police officer under the circumstances would understand the statement to be a request for counsel." Id. at 49, 613 S.E.2d at 584; see also Davis v. United States, 512 U.S. 452, 459 (1994) (originally setting forth this rule). "[T]he invocation of the right to counsel

must be clear, unambiguous, and unequivocal." Zektaw v. Commonwealth, 278 Va. 127, 136, 677 S.E.2d 49, 53 (2009).

In order to determine whether a statement is sufficiently clear, unambiguous, and unequivocal to constitute an effective invocation of a suspect's right to counsel, we must consider the words the suspect actually used, as well as the context in which he spoke those words. Hilliard, 270 Va. at 50, 613 S.E.2d at 585. We do not consider any subsequent statements made by the suspect to determine whether his alleged invocation was ambiguous. Smith v. Illinois, 469 U.S. 91, 97 (1984). Rather, we look only to the alleged "request for counsel [and] the circumstances leading up to [that] request." Id. at 98.[1] Such a rule makes perfect sense when one reflects that a reasonable police officer cannot know the future words or actions of a suspect at the time the officer is confronted with the suspect's present statement and is forced at that moment to decide whether the suspect has unambiguously requested counsel.

Here, after Majette had been arrested and placed in a police car, Detective Gagne asked Majette for some of his personal information for booking purposes. At that time, Majette told Detective Gagne "that he would not speak to anybody other than Detective Filer and his attorney." Detective Gagne relayed to Detective Filer that Majette had said "that he would only

---

[1] Majette conceded below that he was not arguing that any of his later statements to Detective Filer constituted an invocation of his right to counsel. Rather, Majette simply argued that his initial statement to Detective Gagne that he "would not speak to anybody other than Detective Filer and his attorney" effectively invoked his right to have counsel present for any subsequent interrogation. Thus, because the only issue before us is whether this single statement constituted an effective invocation, we do not consider any of Majette's later statements that he made to Detective Filer.

Although Majette contends that the trial court erred in considering Majette's subsequent behavior in analyzing whether his initial statement to Detective Gagne was ambiguous, we note that any such error on the part of the trial court is irrelevant to our analysis, since we review the trial court's legal conclusions *de novo*. See Hilliard, 270 Va. at 49-50, 613 S.E.2d at 584. Accordingly, we limit our analysis simply to Majette's alleged invocation, and we do not consider any circumstances that followed his initial statement to Detective Gagne in evaluating whether that statement was ambiguous.

speak with him and his attorney," and Detective Filer asked Detective Gagne to bring Majette to police headquarters.

The trial court concluded that Majette's statement to Detective Gagne was not an unambiguous invocation of Majette's right to counsel. However, Majette argues that a reasonable police officer in Detective Filer's circumstances would have understood this statement as indicating both that (1) Majette wished to speak only with Detective Filer, and (2) Majette would speak with Detective Filer only if his attorney were also present.[2] We do not agree that this is what Majette's statement clearly and unambiguously communicated.

It is perfectly natural to interpret Majette's statement "that he would not speak to anybody other than Detective Filer and his attorney" as expressing the idea that he would talk to either of those two individuals, but to no one else. Majette's statement does not clearly convey the additional, discrete idea that he refused to talk with one of those individuals unless the other were also present. A simple statement that a person will not speak with anyone except for two named individuals is not equivalent to an assertion that that person further refuses to speak with one of those individuals unless the other is also present.[3] Thus, Majette's statement did not clearly, unambiguously, and unequivocally express a desire by Majette not to talk with Detective Filer without his attorney present. A reasonable police officer in Detective Filer's circumstances would not necessarily have interpreted Majette's words to mean that Majette desired his attorney

_____

[2] Majette argues that just because a suspect indicates a desire to talk to the police, this does not mean that he cannot also simultaneously express a desire to have an attorney present when he talks to the police. We agree that this is certainly possible for a suspect to indicate. However, this observation simply begs the question of whether Majette actually expressed a clear desire to have an attorney present when he talked to Detective Filer.

[3] The trial court observed the distinction between these two ideas, offering some examples to illustrate the point. As the trial court noted, the statement, "I will talk to my lover in Buenos Aires and my wife," does not mean that the speaker intends "to talk to them at the same time." Furthermore, the statement, "I am going to Norfolk and Virginia Beach," does not mean that the speaker is "going to be in both at the same time."

to be present when he talked with Detective Filer.  This is simply not what the language of Majette's statement unambiguously meant.  Accordingly, Majette's statement fails to meet the legal test for invocation of the right to counsel.

Thus, we hold that the trial court did not err in denying Majette's motion to suppress, and we therefore affirm Majette's convictions.

<u>Affirmed</u>.