COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Petty and AtLee
Argued at Norfolk, Virginia


CALVIN DONNELL JENNINGS

                                                            OPINION BY
v.        Record No. 1088-16-1              JUDGE ROBERT J. HUMPHREYS
                                                            MAY 2, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
L. Wayne Farmer, Judge

Stephen B. Plott (Law Office of Stephen B. Plott, PLC, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Calvin Donnell Jennings ("Jennings") appeals the June 10, 2016 decision by the Circuit

Court of the City of Suffolk (the "circuit court") convicting him of robbery, in violation of Code

§ 18.2-58. Jennings' single assignment of error is that the circuit court erred in finding the

evidence sufficient to prove beyond a reasonable doubt that he was guilty of robbery because the

only evidence against him was "items of clothing and a weapon used at the time of the robbery,"

which contained both his own DNA and that of other unknown person(s).

I.  Background

On October 13, 2013, between 5:30 a.m. and 5:45 a.m., S.C. was working as a sales clerk

at the Carolina BP, a gas station and convenience store in Suffolk, Virginia. During her shift and

while she was alone in the store, a person entered wearing a black stocking cap, a blue hooded

sweatshirt, black jeans with white embroidery on the rear pockets, a scarf wrapped around his

face, gloves, and sunglasses. After S.C. informed the person of the store's policy prohibiting

customers from wearing hoods inside, the person leapt over the counter to where S.C. stood and produced a knife. He then demanded that S.C. open the cash register and threatened to "cut" her. Once S.C. opened the cash register, the perpetrator took the $38 that was on top[1] and left the way he came in.

Because the perpetrator's identity was so concealed by his clothing, the only physical description S.C. could give was that he was "tall" and "slim;" she could not identify the race of the perpetrator. She also stated that the pants the robber wore contained "script written in white letters" on the rear pockets. Further, S.C. described the knife as having a silver blade with ridges, and a black handle. The store's video surveillance system captured the entire event and was shown at trial.

James Babor ("Babor"), a police canine officer with the Suffolk Police Department ("SPD"), testified at trial as an expert in canine searching and handling. Babor processed the scene with his police dog. When they arrived at the scene at 7:43 a.m. on the morning of the robbery, the police dog led Babor back into the woods behind the Carolina BP, where the dog first alerted on a "brown bag" and several $5 bills. The bag was completely dry even though it had rained the previous night, indicating that the bag had been deposited there sometime that morning. The police dog then alerted on a black stocking cap and a scarf, which were close together on the wooded path. A hooded sweatshirt was also discovered approximately ten feet off the path. Finally, the police dog alerted on a pair of blue jeans and black tennis shoes.

Detective K. Hutt ("Hutt"), then a detective with the SPD, was working with Babor that day and secured the items identified by the police dog. Hutt additionally discovered a black-handled, serrated knife approximately twenty to twenty-five yards off the path. When

---

[1] S.C. testified that each night at closing $100 was placed in the cash register drawer for the next sales day. After-the-fact accounting established that $38 was taken from the cash register.

shown pictures of the recovered items about ten days after the robbery, S.C. positively identified each of the items as having been worn by her assailant during the robbery.

A forensic scientist in the field of forensic biology, Gloria Hill ("Hill"), testified as an expert regarding the scientific analysis of the recovered stocking cap, the scarf, a swab of the knife, and the hooded sweatshirt. The hooded sweatshirt contained a combination of DNA from multiple individuals, resulting in a profile "too complex for [Hill] to make any conclusions." Although there was also a mixture of DNA from multiple people on both the stocking cap and the scarf, Hill determined that Jennings was the "major contributor" of DNA on both of those items, meaning his DNA was the most prominent on them. Finally, Hill testified that Jennings' DNA mixture represented about half of that present on the knife. Hill did not testify to any DNA testing with respect to the jeans or sneakers. Jennings became a suspect in the case after a DNA "cold hit"—when the DNA profile on some of the items matched Jennings' DNA profile in the state forensic databank. His DNA was later confirmed by buccal swab. Aside from the DNA profiles on each of the above-referenced items, there was no other evidence presented by the Commonwealth as to the identity of the robber.

At the conclusion of the Commonwealth's evidence, the defense moved to strike the charge of robbery, arguing that the DNA evidence was insufficient to prove Jennings was the person using those items during the robbery, and was therefore insufficient to prove he was the robber. The circuit court denied the motion, and the jury convicted Jennings of robbery, sentencing him to fifteen years of imprisonment. On June 10, 2016, the circuit court, by order, imposed the jury's recommended sentence.

## II. Analysis

### A. Standard of Review

"When [reviewing a defendant's] challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews the evidence in the light most favorable to [the Commonwealth, as] the prevailing party at trial[,] and consider[s] all inferences fairly deducible from that evidence." Allen v. Commonwealth, 287 Va. 68, 72, 752 S.E.2d 856, 858-59 (2014) (quoting Crawford v. Commonwealth, 281 Va. 84, 111, 704 S.E.2d 107, 123 (2011)). This "examination is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling. . . . [A]n appellate court must consider all the evidence admitted at trial that is contained in the record." Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). The sole responsibility to determine the credibility of witnesses, the weight given to their testimony, and the inferences to be drawn from proven facts lies solely with the fact finder. Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011).

An appellate court may "only reverse the judgment of the trial court if the judgment 'is plainly wrong or without evidence to support it.'" Crawford, 281 Va. at 112, 704 S.E.2d at 123 (quoting Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006); Code § 8.01-680). "If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Crawford, 281 Va. at 112, 704 S.E.2d at 123 (quoting Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)). The issue on appeal is whether the record contains evidence from which "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." McMillan v. Commonwealth,

277 Va. 11, 19, 671 S.E.2d 396, 399 (2009) (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)).

B.  Sufficiency of the Evidence of Identity

Jennings argues that the evidence only established that he came into contact with the stocking cap, the scarf, and the knife at some point in time, and thus was not sufficient as a matter of law to convict him of the robbery.

"[T]he evidence supporting a conviction must 'exclude every reasonable hypothesis of innocence' that flows from the evidence." Thorne v. Commonwealth, 66 Va. App. 248, 254, 784 S.E.2d 304, 307 (2016) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441-42 (2000)).  "Whether an alternative hypothesis of innocence is reasonable is a question of fact" that will be reversed on appeal only if plainly wrong. Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997)).  An "appellate court asks only whether a reasonable finder of fact could have rejected the defense theories and found the defendant guilty beyond a reasonable doubt." Thorne, 66 Va. App. at 254, 784 S.E.2d at 307.

Here, the evidence in the light most favorable to the Commonwealth is that the clothes found in the woods were those worn by the person that robbed the Carolina BP, that Jennings' DNA was found as the major contributor on both the stocking cap and the scarf, and that Jennings' DNA could "not [be] eliminate[d] . . . as a contributor to the DNA profile" on the knife.  The Commonwealth argues that, because Jennings' DNA was determined to be a major contributor to the sample developed from the scarf and the stocking cap, the jury was permitted to infer that Jennings was the individual wearing each of those items during the robbery. Jennings contends that, because the items used during the robbery contained DNA from multiple

- 5 -

individuals, it would be a reasonable hypothesis of innocence to believe that those items were worn or possessed by others, one of whom was actually the perpetrator of the robbery.

Although Jennings was a major contributor to a DNA mixture on two items of clothing and could not be eliminated as a contributor to the DNA mixture on the knife, Hill testified that the term "major contributor" simply means that there was more DNA attributable to Jennings on the tested items than that of the other DNA contributors. There was no testimony from Hill, or any other Commonwealth witness, establishing whether Jennings' DNA was deposited on the analyzed items more recently than any other contributor or what the latency period for detectable DNA on the items would be. There was also no evidence establishing whether the items containing DNA other than that of Jennings belonged to a single individual or multiple individuals, and if from multiple individuals, what the statistical significance of Jennings' DNA on all of those items would be.

Therefore, even in the light most favorable to the Commonwealth, the only conclusion that can be reached from the evidence in the record before us is that Jennings came into contact with these items sometime before they were found by SPD. Since the victim, S.C., did not and could not identify Jennings as the robber, there was no evidence to support the notion that Jennings was the person who used the items during the robbery. Put another way, even in the light most favorable to the Commonwealth, the evidence at best is legally in equipoise, because it equally supports a conclusion that the unknown contributor of DNA is just as likely as Jennings to have been the wearer of the clothing and possessor of the knife, and therefore, the robber.

In order to convict, the jury must have inferred that Jennings wore the items in question during the robbery because he was a major contributor of DNA found on some of the items. That conclusion is without the necessary evidentiary support. Here, the evidence did not

"exclude every reasonable hypothesis of innocence," Thorne, 66 Va. App. at 254, 784 S.E.2d at 307 (quoting Dowden, 260 Va. at 468, 536 S.E.2d at 441-42), because there were multiple DNA contributors, and the forensic expert did not opine as to when or how Jennings contributed his DNA, or when or how the unknown DNA was contributed. Therefore, contrary to what the jury inferred, it is equally reasonable to conclude from the evidence that Jennings was a major contributor because he either wore the clothing more often than any of the other DNA contributors, but not necessarily at the time of the robbery, or that another contributor wore the clothes less often but did so during the robbery. These possibilities are bolstered by the fact that the hooded sweatshirt had a DNA mixture of so many individuals that no conclusions as to the identity of the contributors could be reached. The sole evidence tying Jennings to this crime was the presence of his DNA, along with the DNA of other unknown persons, on clothing and a weapon employed during the robbery.

Thus, a reasonable factfinder could not have concluded beyond a reasonable doubt that Jennings was guilty of this crime without resorting to sheer speculation outside the evidence presented by the Commonwealth, see Thorne, 66 Va. App. at 254, 784 S.E.2d at 307, and thus Jennings' conviction was plainly wrong, see Stevens, 38 Va. App. at 535, 567 S.E.2d at 540 (quoting Archer, 26 Va. App. at 12, 492 S.E.2d at 382).

### III.  Conclusion

We hold that the circuit court erred in its failure to strike the Commonwealth's evidence because the DNA evidence was insufficient to prove Jennings was the person who perpetrated the robbery, since the DNA was from multiple people and there was no evidence establishing whether Jennings' DNA was deposited on the items at the time of the robbery. Therefore, we reverse Jennings' conviction and dismiss the indictment.

Reversed and final judgment.