UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Friedman
Argued at Norfolk, Virginia


STEPHEN LAMAR GARRICK

MEMORANDUM OPINION* BY
v.         Record No. 1415-21-1          JUDGE DORIS HENDERSON CAUSEY
MAY 30, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

Thomas H. Sheppard, II (Sheppard & O'Brien, P.C., on brief), for
appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General; Lauren C. Campbell, Assistant Attorney General,
on brief), for appellee.


Following a bench trial, the circuit court convicted Stephen Lamar Garrick for possessing

heroin and possessing a firearm after conviction of a violent felony.[1]  On appeal, Garrick argues that

the circuit court erred in denying his motion to suppress the evidence because the police unlawfully

searched his vehicle without a warrant.  He also challenges the sufficiency of the evidence to sustain

his convictions.  Assuming, without deciding, that the circuit court properly denied the motion to

suppress, we hold that the circuit court erred in finding the evidence sufficient to establish that

Garrick possessed the contraband discovered in the car.  Thus, we reverse his convictions and

dismiss the indictments.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] The trial court also convicted Garrick for two misdemeanors, but he does not challenge
those convictions on appeal.

BACKGROUND[2]

On June 26, 2020, two City of Virginia Beach Police Officers found Garrick asleep in a car, with the engine idling, at a convenience store parking lot. After a search of the car, the police discovered a .380 caliber handgun and a bag of white powder, later confirmed as heroin, in the glove compartment. Also in the glove compartment were two receipts for maintenance of the car, listing Garrick's name. The receipts were dated in March and May of 2020. Garrick told the police that the car belonged to his mother. When asked if he was the main user of the vehicle, Garrick replied that he drove it "three out of seven" days of the week.

At trial, the circuit court found that Garrick constructively possessed both the firearm and heroin. The court based its ruling on its findings that Garrick "was the only occupant of the vehicle, that there were other identifying items of his that were within the glove box literally intermingled with the firearm and the drugs, [and] that he drove that vehicle regularly." This appeal follows.

ANALYSIS

Garrick argues that the evidence was insufficient to prove that he possessed the drugs and the firearm that the police found in the glovebox of the vehicle. Specifically, he argues that the Commonwealth failed to establish that he was aware of the presence and character of the items. We agree.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Garrick's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal[] is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"In interpreting the Commonwealth's basic statutes proscribing possession of drugs, . . . or possession of a firearm, . . . the applicable legal principles are clear: Possession may be actual or constructive." *Wright v. Commonwealth*, 53 Va. App. 266, 273 (2009). At issue here is constructive possession. To establish constructive possession of a firearm or drugs, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances *proving that the defendant was aware of the presence and character of the [item]* and that the [item] was subject to his dominion and control." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (emphasis added) (quoting *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008)).

This case turns on whether Garrick was aware of the presence and character of the firearm and drugs. We hold that this case is controlled by *Yerling v. Commonwealth*, 71 Va. App. 527 (2020). As in Garrick's case, the police found Yerling alone in a car after a traffic stop. *Id.* at 530. In the center console of the vehicle, the police found a small corner baggy of marijuana and a balled-up piece of notebook paper containing a pink pill, which proved to be Oxycodone. *Id.* 531. We reversed Yerling's conviction for possessing Oxycodone because there was insufficient evidence that he knew the pill was present. *Id.* at 532. "There was no

testimony . . . as to who owned the car, that Yerling made any furtive movements, or that Yerling made any statements lending to an inference that he knew the pill was in the car." *Id.* at 534. We "h[e]ld that occupancy of a car and proximity to a controlled substance, without more, are insufficient to prove that an appellant is aware of the presence and character of a controlled substance." *Id. See Coward v. Commonwealth*, 48 Va. App. 653, 658 (2006) (holding that mere occupancy and proximity, although factors to be considered among the totality of the circumstances, are insufficient standing alone to prove a defendant's guilty knowledge of illegal drugs).

Here, as in *Yerling*, nothing supports the conclusion that Garrick was aware of the illegal items discovered in the car. The seized items were out of sight, in a closed compartment of the vehicle. Garrick did not make any statements to suggest he was aware of the presence of the contraband. Nor did he make any furtive motions that suggested he was attempting to conceal the gun or drugs. Garrick's fingerprints were not found on the items. The limited incriminating facts before the trial court were Garrick's occupancy of a car that belonged to his mother, his proximity to the handgun and heroin, and his admission that he drove the car three days a week. This evidence alone does not establish constructive possession.

The trial court based its finding of constructive possession, in part, on the fact that the car maintenance receipts bearing Garrick's name, were "intermingled" with the heroin and firearm. But the receipts, without more, merely serve as cumulative evidence of the uncontested fact that Garrick regularly used the car. Because the evidence shows that Garrick was not the only person who used the car, the discovery of receipts does not make it more probable that he knew about the presence of the firearm and heroin. The record reflects at least one other person—Garrick's mother—regularly used the car, and neither party disputed that the car belonged to her. The car maintenance receipts were dated March and May of 2020, and the police searched the car on

June 26, 2020. There is, at best, a month, and at worst, two months, in which any other person who drove the car could have placed the illegal items in the glove compartment. These facts raise a reasonable doubt as to whether someone else, unknown to Garrick, could have put the firearm and heroin in the glove compartment.

The "Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed" contraband in the place where it is found. *Brown v. Commonwealth*, 15 Va. App. 1, 10 (1992) (en banc). But "'[t]he evidence supporting a conviction must "exclude every reasonable hypothesis of innocence" that flows from the evidence.'" *Jennings v. Commonwealth*, 67 Va. App. 620, 626 (2017) (quoting *Thorne v. Commonwealth*, 66 Va. App. 248, 254 (2016)). As in *Yerling* and *Coward*, the evidence in this case does not prove beyond a reasonable doubt that Garrick was aware of the presence and character of the firearm and heroin found in the glove compartment of his mother's car.

Thus, the Commonwealth has not established that Garrick constructively possessed these items. Because our ruling on this assignment of error is dispositive, we do not reach Garrick's separate challenge to the denial of his suppression motion. *See Conley v. Commonwealth*, 284 Va. 691, 694 n.3 (2012) (declining to address a second assignment of error where resolution of the first was dispositive).

CONCLUSION

For these reasons, we assume, without deciding, that the circuit court did not err in denying the motion to suppress and hold that it erred in determining that the evidence was sufficient to prove Garrick's guilt beyond a reasonable doubt. Accordingly, we reverse Garrick's convictions and dismiss the indictments.

*Reversed and dismissed.*